IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                      Civil Case No. 15-4011

DANA ARTHUR McCOOL; CALVIN
WAYNE BUSH; CHRISTY COLLEEN
SMITH; MICHAEL CURTIS SMITH;
KELLY JEAN McCOOL; DAVID ALAN
McCOOL; THOMAS WHITTER; ARTHUR
ALAN McCOOL, JR.; HEATHER DAWN
PRYOR; NATHANIEL PRYOR; as heirs
of Arthur A. McCool (deceased borrower)
and Kerri Jo Whitter (deceased heir of
Arthur A. McCool); BRITTANY PLUMMER;
MICHAEL PLUMMER; and the Unknown
Heirs, Executors, Administrators, Devisees,
Trustees, Legatees, Creditors, and Assignees
of such of the defendants as may be
deceased; the Unknown Spouses of the
defendants; the Unknown Stockholders,
Officers, Successors, Trustees, Creditors and
Assignees of such defendants as are existing,
dissolved or dormant corporations; the
Unknown Executors, Administrators,
Devisees, Trustees, Creditors, Successors
and Assignees of such defendants as are or
were partners or in partnership; and the
Unknown Guardians, Conservators and
Trustees of such of the defendants as are
minors or are in any way under legal
disability; and the Unknown Heirs,
Executors, Administrators, Devisees,
Legatees, Trustees, Creditors and Assignees
of any Person alleged to be deceased and
made defendants as such,

        Defendants.

## COMPLAINT

Comes now Plaintiff United States of America by Barry R. Grissom, United States Attorney for the District of Kansas, and T.G. Luedke, Assistant United States Attorney, and for its cause of action alleges:

1.      This is an *in rem* civil action brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2.      Service may be made in the following manner:

        a.      Upon Defendant Dana Arthur McCool, by delivering a Summons and a copy of the Complaint to him at Asbury, Missouri, and may be considered within the jurisdiction of this Court pursuant to the Kansas long-arm statute (Kan. Stat. Ann. § 60-308).

        b.      Upon Defendant Calvin Wayne Bush, by delivering a Summons and a copy of the Complaint to him at Pittsburg, Crawford County, Kansas, within the jurisdiction of this Court.

        c.      Upon Defendants Christy Colleen Smith and Michael Curtis Smith by delivering a Summons and a copy of the Complaint to them at Pittsburg, Crawford County, Kansas, within the jurisdiction of this Court.

        d.      Upon Defendant Kelley Jean McCool by delivering a Summons and a copy of the Complaint to her at Pittsburg, Crawford County, Kansas, and may be considered within the jurisdiction of this Court pursuant.

        e.      Upon Defendant David Alan McCool by delivering a Summons and a copy of the Complaint to him at Columbia, Missouri, and may be considered within the

2

jurisdiction of this Court pursuant to the Kansas long-arm, statute (Kan. Stat. Ann. § 60-308).

f.      Upon Defendants Thomas Whitter, Nathaniel Pryor, and Heather Dawn Prior, by delivering a Summons and a copy of the Complaint to them at Pittsburg, Crawford County, Kansas, within the jurisdiction of this Court.

g.      Upon Defendants Brittany Plummer and Michael Plummer by delivering a Summons and a copy of the Complaint to them at Pittsburg, Crawford County, Kansas, within the jurisdiction of this Court.

h.      Upon the Unknown Defendants by publication pursuant to Kan. Stat. Ann. § 60-307(a)(5), as their names and whereabouts are unknown.

3.      On or about January 18, 2002, Arthur Alan McCool (deceased borrower), executed and delivered to Plaintiff, acting through the Rural Housing Service, United States Department of Agriculture, two (2) promissory notes whereby he promised to pay Plaintiff the sums of $24,300.00 and $7,900.00 with interest thereon at 6.125 percent per annum. As consideration for the promissory notes, Plaintiff made two (2) Rural Housing loans to Arthur Alan McCool (deceased borrower) pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.).  True and correct copies of the promissory notes are attached as Exhibits A and B.

4.      At the same time and place and as part of the same transactions, to secure the payment of the promissory notes, Arthur Alan McCool (deceased borrower), executed and delivered to Plaintiff a purchase-money security interest in the form of two (2) real estate

3

mortgages upon certain real estate in Crawford County, Kansas, within the jurisdiction of this Court, to-wit:

> Lots Numbered Thirty Seven (37) and Thirty Eight (38) in Block Number Fourteen (14) in the New York Investment Company's "Chaplin Place Addition to the City of Pittsburg, Kansas", according to the recorded Plat thereof.

The real estate mortgages were recorded in the office of the Register of Deeds of Crawford County, Kansas, on January 18, 2002, in Book 362 at Pages 222 and 232. True and correct copies of the real estate mortgages are attached as Exhibit C and D.

5.      Plaintiff is the owner and holder of the promissory notes and real estate mortgages, Exhibits A, B, C and D.

6.      Arthur Alan McCool (deceased borrower), has failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the promissory notes and real estate mortgages. Plaintiff has accelerated the indebtedness and made demand for payment in full. No payment has been received.

7.      Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. § 3550.162, the real estate mortgages also secure the recapture of interest credit or subsidy granted to Arthur Alan McCool (deceased borrower). The total amount of interest credit or subsidy subject to recapture is $11,387.31, such amount to be recovered *in rem* only, and only after recovery of the principal (including advances and other recoverable costs) and accrued interest through the date of any judgment entered herein.

8.      Arthur Alan McCool (deceased borrower), owes Plaintiff, under the provisions of the promissory notes and real estate mortgages, a balance of $32,844.24, which includes the

4

following: the total principal sum of $29,961.59 (including unpaid principal of $27,043.51, escrow replenish of $373.42, title of $275.00, other (unauthorized assistance received) of $941.10, escrow of $1,288.34, and late fees of $40.22); and $2,882.65 interest accrued to December 5, 2014 (including principal interest of $2,845.36 and interest on advances of $37.29); and daily interest accruing at the total contract rate of $4.6470 (including daily interest on principal of $4.5381 and daily interest on advances of $0.1089); plus $11,387.31 interest credit or subsidy subject to recapture which is recoverable *in rem* only.

9.      No other action has been brought for the recovery of the balance due.

10.     Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq*.

11.     The following Defendants may claim an interest in the real estate subject to this foreclosure:

        a.      Dana Arthur McCool, son, may claim an interest in the subject real estate as a lineal descendant of Arthur Alan McCool (deceased borrower).

        b.      Calvin Wayne McCool, son, may claim an interest in the subject real estate as a lineal descendant of Arthur Alan McCool (deceased borrower).

        c.      Christy Colleen Smith, daughter, may claim an interest in the subject real estate as a lineal descendant of Arthur Alan McCool (deceased borrower).

        d.      Michael Curtis Smith may claim a marital interest in the subject real estate as husband of lineal descendant Christy Colleen Smith, daughter, of Arthur Alan McCool (deceased borrower).

e.      Kelley Jean McCool, daughter, may claim an interest in the subject real estate as a lineal descendant of Arthur Alan McCool (deceased borrower).

f.      David Alan McCool, son, may claim an interest in the subject real estate as a lineal descendant of Arthur Alan McCool (deceased borrower).

g.      Thomas Whitter may claim a marital interest in the subject real estate as husband of deceased lineal descendant Kerri Jo Whitter, daughter, of Arthur Alan McCool (deceased borrower).

h.      Heather Dawn Pryor may claim an interest in the subject real estate as daughter of deceased lineal descendant Kerri Jo Whitter, daughter, of Arthur Alan McCool (deceased borrower).

i.      Nathanial Pryor may claim an interest in the subject real estate as son of deceased lineal descendant Kerri Jo Whitter, daughter, of Arthur Alan McCool (deceased borrower).

j.      Arthur Alan McCool, Jr., son, may claim an interest in the subject real estate as a lineal descendant of Arthur Alan McCool (deceased borrower).

k.      Brittany Plummer and Michael Plummer may claim an interest in the subject real estate as tenants in possession.

12.     The interests of all Defendants are junior and inferior to the interests of Plaintiff.

13.     Less than one-third (1/3) of the original indebtedness secured by the real estate mortgages was paid prior to default.

14.     The security real estate has been abandoned.

6

WHEREFORE, Plaintiff demands judgment *in rem* in the amount of $32,844.24, which includes the following: the total principal sum of $29,961.59 (including unpaid principal of $27,043.51, escrow replenish of $373.42, title of $275.00, other (unauthorized assistance received) of $941.10, escrow of $1,288.34, and late fees of $40.22); and $2,882.65 interest accrued to December 5, 2014 (including principal interest of $2,845.36 and interest on advances of $37.29); and daily interest accruing at the total contract rate of $4.6470 (including daily interest on principal of $4.5381 and daily interest on advances of $0.1089); per day to the date of judgment herein, together with interest at the legal rate thereafter; plus the costs of this action; plus $11,387.31 interest credit or subsidy subject to recapture which is recoverable *in rem* only.

Plaintiff further demands that its real estate mortgages be declared first and paramount liens on the real estate described therein and that such advances as Plaintiff may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff further demands that all legal right, title and interest which said Defendants have in the real estate be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, inclusive, that the period of redemption should be extinguished by this Court, pursuant to the provisions K.S.A. § 60-2414(a), or in the alternative, subject to a redemption period not to exceed three (3) months, pursuant to the provisions of K.S.A. § 60-2414(m), and that the sale be subject to any unpaid real estate taxes or special assessments, and that  the sale proceeds be applied in the following order:

(1)     Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)     The costs of the sale and of this action;

(3)     The interest accruing on Plaintiff's judgment *in rem*;

(4)     Plaintiff's judgment *in rem*; and

(5)     The balance, if any, be brought into this Court to await its further order.

Plaintiff further demands that all right, title, and interest in and to the real estate of Arthur Alan McCool (deceased borrower), and of all persons claiming by, through or under him be decreed to be junior and inferior to Plaintiff's real estate mortgages and be absolutely barred and foreclosed.

If the purchaser of the real estate be denied possession, Plaintiff prays that upon the filing of a proper Praecipe, this Court issue a Writ of Assistance and without further order of this Court place the purchaser of the real estate in peaceable possession.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney
District of Kansas

 s/ T.G. Luedke
T.G. LUEDKE
Assistant United States Attorney
Ks. S.Ct. No. 12788
Federal Building, Suite 290
444 SE Quincy Street
Topeka, KS  66683-3592
Telephone:  785.295.2850
Facsimile:  785.295.2853
E-mail: tom.luedke@usdoj.gov
Attorneys for the United States

8

<u>REQUEST FOR PLACE OF TRIAL</u>

The United States hereby requests that trial of the above-entitled matter be held in the City of Topeka, Kansas.

 s/ T.G. Luedke
T.G. LUEDKE
Assistant United States Attorney